UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE ROJAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-337 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING PETITIONER'S
## MOTION FOR APPOINTMENT OF COUNSEL

Petitioner is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division, and is currently incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding *pro se,* he filed a habeas petition pursuant to 28 U.S.C. § 2254 challenging certain state court convictions from the 28th District Court, Nueces County, Texas, case number 10CR0494A. (D.E. 1). Petitioner filed the pending motion for the appointment of counsel on December 2, 2013. (D.E. 14).

Petitioner seeks appointment of counsel to represent him in connection with his habeas petition. There is no constitutional right to counsel in federal habeas proceedings. *Elizalde v. Dretke*, 362 F.3d 323, 329 (5th Cir. 2004); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir. 1992). Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing.

Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned *sua sponte* if there are issues which mandate an evidentiary hearing be held. Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel. *See* Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

It is therefore ORDERED that petitioner's motion for the appointment of counsel, (D.E. 14), be DENIED without prejudice.

ORDERED this 19th day of February, 2014.

_____
Jason B. Libby
United States Magistrate Judge