UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE ROJAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-337 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is a state prisoner currently incarcerated at the Stiles Unit in Beaumont, Texas. Proceeding *pro se*, he filed this habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging his Nueces County conviction. (D.E. 1). For the reasons stated herein, it is respectfully recommended that this action be **DISMISSED as time barred**.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined or where the conviction was obtained. *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted in Nueces County, Texas. (D.E. 1). Therefore, jurisdiction is proper in this Court. 28 U.S.C. § 124(b)(6).

### II.  BACKGROUND

Petitioner was convicted in the 28th District Court of Nueces County on two counts of disorderly conduct, discharging a firearm, and deadly conduct and sentenced to

ten years of confinement, as a repeat felony offender, on August 4, 2011. (D.E. 1 and D.E. 20-2, Page 66). Petitioner did not appeal his conviction. (D.E. 1, Page 3). Petitioner filed a state habeas petition on August 30, 2012,[1] which the Court of Criminal Appeals of Texas denied on November 7, 2012. (D.E. 1, Page 4 and D.E. 20-1, Page 2-3). Petitioner filed the pending petition on October 8, 2013, complaining of an error in the jury charge and indictment, ineffective assistance of counsel, false testimony, and violations of due process. (D.E. 1, Page 6-9).

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one year statute of limitations for federal habeas proceedings brought under 18 U.S.C. § 2254.  *See* 28 U.S.C. § 2244.  The limitations period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks state post-

---

[1] Petitioner states he filed the state habeas application on August 30, 2012. (D.E. 1, Page 4). However, the records indicate Plaintiff signed the application on July 27, 2012. (D.E. 20-2, Page 19).

conviction writ review:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).  The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

There are two separate and alternative ways a conviction can become "final" within the meaning of § 2244(d)(1)(A).  In *Roberts v. Cockrell*, the Fifth Circuit held that "[i]f the conviction does not become final by conclusion of direct review, it becomes final by 'the expiration of the time for seeking such review.'" 319 F.3d 690, 694 (5th Cir. 2003)(*citing* 28 U.S.C. § 2244(d)(1)(A).  As the Fifth Circuit explained, both federal and state court filing deadlines determine when the conclusion of direct review occurs and the conviction becomes final:

> [The time period for seeking direct review] includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort.  If the defendant stops the appeals process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.

*Id*.  *See also Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009)("[D]irect review cannot conclude for purposes of § 2244(d)(1)(A) until the 'availability of direct appeal to the state court,' and to this Court, has been exhausted.  Until that time, the 'process of direct review' has no 'com[e] to an end' and 'a presumption of finality and legality' cannot yet have 'attache[d] to the conviction and sentence.'")(citations omitted).

Therefore, the petitioner's choice of actions during the appeals process determines AEDPA's one-year limitations period is triggered.

As he did not file an appeal, Petitioner's conviction became final on September 3, 2011, which is the conclusion of time during which he could have filed a petition for discretionary review with the Texas Court of Criminal Appeals. *Gonzalez v. Thaler*, 623 F.3d 222 (5th Cir. 2010); *see also Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008); *see* Tex. R. App. Proc. 26.1 (West 2010)("notice of appeal must be filed within 30 days after the judgment is signed").  The statute of limitations began running at that time, making Petitioner's federal habeas petition due one year later, on September 3, 2012.  28 U.S.C. § 2244(d)(1)(A).  However, because his claim was tolled while his state habeas petition was pending between July 27, 2012 and November 7, 2012, the limitations period expired on December 15, 2012.  28 U.S.C. § 2244(d)(2).  Petitioner did not file this habeas application until October 8, 2013, more than nine months after the deadline. [2]

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas relief prior to the end of the limitations period. Additionally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.  Lastly, Plaintiff's claim is based upon evidence that was available to him at the time of

---

[2] Petitioner filed a "Motion to Obtain Writ of Habeas Corpus A Second Time" and a second state habeas corpus petition on July 30, 2013, seven months after the deadline for filing a federal habeas petition. (D.E. 20-3, Pages 1-6).  Therefore, this did not operate to toll the limitations period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000)(state habeas application did not toll limitation period for filing federal habeas petition where it was not filed until after federal limitation period had expired).

sentencing or shortly thereafter. *See* 28 U.S.C. § 2244(d). Accordingly, it is respectfully recommended that this federal petition is untimely pursuant to § 2244(d)(1)(A).

In addition, Petitioner's claim is not saved by equitable tolling. "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000(*quoting Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)); *see also United States v. Petty*, 530 F.3d 361, 364 (5th Circuit. 2008)(per curiam)(holding AEDPA's limitations are not jurisdictional and therefore, equitable tolling is permissible). To be entitled to equitable tolling, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)(quoting *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005)). Petitioner is not entitled to equitable tolling because he did not pursue his rights diligently and because he has not shown any extraordinary circumstances that otherwise prevented his timely filing.

Accordingly, because Petitioner's habeas petition is barred by the one year statute of limitations pursuant to AEDPA and he is not entitled to equitable tolling, it is respectfully recommended that his petition be dismissed.[3]

### CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a habeas

---

[3] The undersigned does not address the merits of Petitioner's habeas claims because the petition is time barred. 28 U.S.C. § 2244(d)(1).

corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability ("COA"). A District Court ruling on a petitioner's relief may *sua sponte* rule on a COA because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just rule on would be repetitious." *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000)(per curiam).

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). As to claims the Court rejects solely on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims the Court rejects solely on procedural grounds, the Petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds nor find the issues presented are adequate to

proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, it is respectfully recommended the Court find the Petitioner is not entitled to a certificate of appealability.

## IV. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Petitioner's petition for a writ of habeas corpus, (D.E. 1), be **DISMISSED**. Additionally, it is respectfully recommended that Petitioner be **DENIED** a certificate of appealability.

ORDERED this 28th day of March, 2014.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(c); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a Magistrate Judge's report and recommendation within **FOURTEEN (14) DAYS** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).