UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RENE ROJAS, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-337 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Petitioner's § 2254 habeas petition. D.E. 1. On March 28, 2014, United States Magistrate Judge Jason B. Libby submitted a Memorandum and Recommendation recommending that Petitioner's claim be dismissed as time barred. D.E. 24. Petitioner filed his objections on April 14, 2014. D.E. 26. Petitioner's objections are set out and discussed below.

First, Petitioner asks this Court to consider the substance of his constitutional claims despite having filed his habeas petition after the applicable AEDPA limitations period expired. Petitioner urges this court to "balance the nature and strength of the constitutional claim and the nature and strength of the state procedural rule that has not been observed."[1] D.E. 26, p. 2. Both equitable tolling and actual innocence can operate to overcome an expired statute of limitations in a § 2254 habeas claim.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Petty*, 530

---

[1] Petitioner cites *Day v. McDonough*, 547 U.S. 198 (2006), in support of the balancing test he proposes, however, the language cited is articulated in *Murray v. Carrier*, 477 U.S. 478, 493 & 506 (1986).

1 / 4

F.3d 361, 364 (5th Cir. 2008). A petitioner seeking to have the AEDPA limitations period tolled must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Equitable tolling is permissible only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner has neither alleged nor pleaded facts sufficient to suggest that he has been pursuing his rights diligently or that some extraordinary circumstance prevented him from timely filing his petition. Without satisfying those requirements, Petitioner cannot establish the type of rare and exceptional circumstance that would merit the application of equitable tolling.

Alternatively, the Supreme Court has held that the expiration of the AEDPA statute of limitations can be overcome by a showing of actual innocence. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013). "A petitioner does not meet the threshold requirement [for establishing actual innocence] unless he persuades the district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*.

Petitioner complains of a number of errors throughout the trial process, but he has not alleged actual innocence. Moreover, he has not provided new evidence, unavailable at the time of trial, to support a claim of actual innocence. Accordingly, Petitioner has not persuaded this Court that, in light of new evidence, no juror, acting reasonably would have voted to find him guilty beyond a reasonable doubt. Because Petitioner has failed to

persuade the Court that he is actually innocent of the crime for which he was convicted and has not demonstrated the applicability of equitable tolling, there is no basis upon which the failure to comply with the AEDPA statute of limitations can be excused. Accordingly, Petitioner's claim is time barred, and his first objection is **OVERRULED**.

Second, Petitioner objects to the Magistrate Judge's recommendation to deny a Certificate of Appealability (COA). A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When claims are dismissed on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner's claims are being dismissed on procedural grounds. Reasonable jurists would not debate that Petitioner's claims are barred by the statute of limitations because: (1) the Petitioner did not file his claim until more than nine months after the limitations period had expired; (2) Petitioner's claim that the statute of limitations should be equitably tolled fails because he has not satisfied the requirements set out in *Lawrence*; and (3) Petitioner has not offered previously unavailable evidence of actual innocence sufficient to negate the applicability of the statute of limitations. Accordingly, Petitioner's second objection is **OVERRULED**.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Petitioner's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Petitioner's habeas action (D.E. 1) is **DISMISSED,** and his request for discovery is **DENIED** as moot. A Certificate of Appealability is **DENIED**.

ORDERED this 21st day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE